FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB -5 PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH JOHNSON, ET. AL.                    CIVIL ACTION

VERSUS                                      NO: 99-1374

TUFF-N-RUMBLE MANAGEMENT,                   SECTION: "R"(3)
INC. D/B/A TUFF CITY RECORDS,
AND JOE JONES D/B/A MELDER
PUBLISHING CO.

On December 11, 2000, the Court determined that defendant Joe Jones willfully infringed upon the copyright of Tuff City and plaintiffs in the song *It Ain't My Fault*. The Court ordered Jones to pay reasonable attorneys' fees to the prevailing parties. Plaintiffs and Tuff City have submitted to the Court authenticated affidavits seeking to establish the amount of attorneys' fees and costs expended in this matter. The Court rules on their applications as follows.

I. **Applicable Law**

In *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9, 103 S. Ct. 1933, 1940 n.9 (1983), the Supreme Court approved the "lodestar" method of computing reasonable attorneys' fees. The method

DATE OF ENTRY
FEB  6 2001

starts with the initial calculation of hours reasonably expended at a reasonable hourly rate. *See also Chemical Mfrs. Ass'n v. U.S. E.P.A.*, 885 F.2d 1276, 1280 (5th Cir. 1989). The guiding case in the Fifth Circuit for the determination of reasonable attorneys' fees is *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds, Blanchard v. Bergeson*, 489 U.S. 87, 90, 109 S. Ct. 939, 943 (1989). In *Johnson*, the Court set forth the following twelve factors to consider when awarding attorney's fees:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the professional relationship with the client, and
> (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. A court is not required to fully address each of the twelve factors; but the court is required to explain its findings and the reasons upon which the award is based. *See Cobb v. Miller*, 818 F.2d 1227, 1233 (5th Cir. 1987).

2

As the fee applicants, plaintiffs and Tuff City have the burden of proving the reasonableness of the number of hours expended on their prevailing claims. *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (*citing Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941). This burden does not shift to the opposing party merely because that party does not show that the hours are unreasonable or that it did not make specific objections to the hours claimed. *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941. Part of the applicant's ability to meet this burden includes maintaining billing records in a manner that would enable the reviewing court to identify each distinct claim. *Id.* at 437, 103 S. Ct. at 1941; *see also Leroy*, 831 F.2d at 586.

## II. Discussion

### A. Plaintiffs' Attorneys' Fees and Costs

Plaintiffs' attorneys state in their affidavits that they devoted 87.25 hours to the Jones claim and that their hourly billing rate is $125.00, resulting in fees due of $10,906. The affidavits contain time activity sheets to account for the time plaintiffs' counsel spent on the lawsuit against Jones. The Court finds that plaintiffs have met their burden of proof as to the amount of time spent and the general subject matter on which they expended their efforts. As the Supreme Court noted in *Hensley*, the Court does not expect counsel to record in "great

3

detail" how each minute of time was expended, but "at least counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12, 103 S. Ct. at 1941 n.12. Further, the Court finds their hourly rate of $125.00 to be reasonable. However, the amount of time spent on the Jones claim was excessive given the relative simplicity of the claims and the *pro se* status of plaintiffs' opponent. Further, plaintiffs' counsel and counsel for Tuff City were pursuing the same goal and they could have been more efficient in coordinating their efforts. Based on the Court's finding, the Court reduces counsel's compensable hours by one-third to approximately 58 hours. Accordingly, the Court orders Jones to pay attorneys' fees to plaintiffs in the amount of $7,250. He is also ordered to pay costs of $265, representing the costs plaintiffs incurred in pursuing their claims against Jones.

### B. Tuff City's Attorneys' Fees and Costs

Tuff City's counsel also submitted declarations providing the hours spent, hourly rates, and costs they charged Tuff City for the Jones matter. Counsel Oren Warshavsky declared that in 1999, he spent approximately 10 hours on the Jones matter. In 2000, Warshavsky asserts that he billed Tuff City approximately 101 hours for activities related solely to Jones, and he attributes another eight hours of deposition preparation to the

Jones matter. The Court's comments with respect to the amount of time spent by plaintiffs' counsel apply equally to Mr. Warshavsky's hours. The Court's review of counsel's records indicate that his hours must be reduced as follows. The Court finds that Mr. Warshavsky's motion to strike Jones' opposition to summary judgment was unnecessary and unsuccessful. Accordingly, the Court will not award fees for the 4 hours he spent drafting this motion. Mr. Warshavsky also declares that he spent approximately 28 hours in depositions that were not related solely to Jones. Mr. Warshavsky estimates that approximately 30% of this time related to Jones. The Court does not find Mr. Warshavsky's apportionment of this deposition time to be reasonable because he has not explained what these depositions had to do with Tuff City's claims against Jones. The depositions were depositions of the plaintiffs. In the absence of a reliable time record, it is within the discretion of the Court to determine a reasonable number of hours spent in pursuing a claim for which fees are authorized, by deducting a reasonable number of hours for time spent on matters unrelated to that claim. *See, e.g., Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). Accordingly, the Court will award fees for two hours for work on these depositions. Further, the Court deducts the 7.6 hours Mr. Warshavsky spent preparing his fee application. Finally, the

5

Court finds Mr. Warshavsky's hours to be excessive in light of the simplicity of the claims involved, the *pro se* status of Mr. Jones, and the duplicative nature of the work by Mr. Warshavsky and plaintiffs' counsel. Accordingly, the Court adjusts Mr. Warshavsky's hours for this work to approximately 66 hours. Mr. Warshavsky's hourly rate in 1999 was $215.00 and in 2000 was $230.00. At the time of this action, the median rate for associates in the Northeast for intellectual property work was $205.00 per hour. The Court will award Mr. Warshavsky's fees at this rate. Accordingly, the Court awards Mr. Warshavsky total fees of $13,530.

Tuff City also hired Suzette Becker as local counsel to assist in this lawsuit. Ms. Becker declared that she spent 1.6 hours on the Jones matter in 1999, with a billing rate of $150.00 per hour for total 1999 fees of $240. In 2000, she states that she billed approximately 19 hours at $200.00 per hour. The Court's review of her time records reveals that about one-half of this time is not directly attributable to work on Tuff City's successful claim against Jones. Moreover, her work was largely duplicative of the work of other counsel. The Court will award Ms. Becker 9 hours at $200 or $1800 for the year 2000 and $240 for the year 1999. Thus, her total fees were $2040.

Tuff City declared that it had incurred costs in this

litigation for overnight couriers, copies, preparation of trial books, research, and expert fees of approximately $5,778. However, it provides no itemization of these costs; nor is there any way the Court can determine whether these costs were attributable to the Jones claim. The only costs clearly attributable to the Jones claim was that of the handwriting expert, Paul Osborn. The Court will award costs of $1260 associated with Mr. Osborn's retention.

### III. Conclusion

For the reasons stated above, the Court awards plaintiffs $7,250 in attorneys' fees and $265 in costs. In addition, the Court awards Tuff City $15,570 in attorneys' fees and $1260 in costs.

New Orleans, Louisiana, this 5th day of February, 2001.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE