# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 01-30083
Summary Calendar

---

D.C. Docket No. 99-CV-1374-R

JOSEPH JOHNSON; WARDELL QUEZERGUE

  Plaintiffs - Appellants

v.

TUFF N RUMBLE MANAGEMENT INC, Etc; ET AL

  Defendants

TUFF N RUMBLE MANAGEMENT INC, doing business as Tuff City
Records; VYSHONN MILLER. also known as Silkk the Shocker;
NO LIMIT OF NEW ORLEANS LLC, doing business as No Limit
Records; NO LIMIT PRODUCTIONS LLC, doing business as
No Limit Records; BIG P MUSIC LLC; do business as Big
P Music; BOUTIT INC, do business as No Limit Records

  Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before REYNALDO G. GARZA, HIGGINBOTHAM and STEWART, Circuit Judges.

J U D G M E N T

  This cause was considered on the record on appeal and the briefs on file.

  It is ordered and adjudged that the judgment of the District Court is affirmed.

  IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: OCT 10 2002

OP-S-J-1

A true copy
Test

Clerk U.S. Court of Appeals, Fifth Circuit
By _____
  Deputy
New Orleans, Louisiana

U.S. COURT OF APPEALS
F I L E D
SEP 18 2002
CHARLES R. FULBRUGE III
CLERK

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED OCT 10 2002
LORETTA G. WHYTE
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
SEP 18 2002
CHARLES R. FULBRUGE III
CLERK

No. 01-30083
Summary Calendar

JOSEPH JOHNSON; WARDELL QUEZERGUE,

Plaintiffs-Appellants

v.

TUFF N RUMBLE MANAGEMENT, INC., doing business as Tuff City Records; VYSHONN MILLER, also known as Silkk the Shocker; NO LIMIT OF NEW ORLEANS, LLC, doing business as No Limit Records; NO LIMIT PRODUCTIONS, LLC, doing business as No Limit Records; BIG P MUSIC, LLC, doing business as Big P Music; BOUTIT, INC., doing business as No Limit Records,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
99-CV-1374-R

Before REYNALDO G. GARZA, HIGGINBOTHAM, and STEWART, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

Appellants Joseph Johnson and Wardell Quezergue authored the song *It Ain't My Fault*, which Quezergue registered with the United States Copyright Office in 1964. Tuff-n-Rumble

---

[1] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Management, Inc., d/b/a Tuff City Records, invests in "forgotten songs" for use in films, third-party compilations, derivative works, and digital samples. Tuff City's President, Aaron Fuchs, approached Johnson at the 1997 New Orleans Jazz and Heritage Festival and inquired about purchasing song rights. Tuff City subsequently sent Johnson a contract for the assignment of 50% of his copyrights along with an initial check for $100. The check stated that it was for the "assignment of Johnson's copyrights to Tuff City agreement dated June 17, 1997." Though Johnson never signed the contract, he did endorse the check and donate it to his church, which subsequently deposited the check after it had cleared Tuff City's account.

Quezergue entered into a similar agreement with Tuff City, under which Quezergue agreed to assign to Tuff City a 50% interest in the copyrights of all his compositions written between 1952 and 1955. The agreement expressly included *It Ain't My Fault*. In return for the assignment, Tuff City agreed to pay Quezergue $2,000, as well as a share of the income generated from the copyrights. On February 2, 1999, Tuff City recorded the assignment from Quezergue of *It Ain't My Fault* with the United States Copyright Office.

Appellants brought this copyright infringement action against Tuff City and Joe Jones, whom the district court later found to have infringed on Appellants' copyright. Appellants then amended the complaint to include as defendants Boutit, Inc., No Limit of New Orleans, LLC d/b/a No Limit Records, Big P Music, and Vyshonn Miller p/k/a Silkk the Shocker (collectively "No Limit"), alleging that these newly added defendants had used the melody of *It Ain't My Fault* in various musical works. Tuff City brought cross-claims for copyright infringement against No Limit.

Tuff City moved for summary judgment, asserting that Johnson and Quezergue each, on

2

separate occasions, transferred 50% of their respective copyright interests in *It Ain't My Fault* to Tuff City. Johnson and Quezergue also moved for summary judgment, claiming that neither of them transferred ownership of their copyright interests to Tuff City. After the district court granted Tuff City's motion for summary judgment in an August 14, 2000 order, Johnson and Quezergue moved for reconsideration. Appellants, for the first time, argued that Johnson's contract with Tuff City was valid but required rescission. The court ruled that this claim was improperly brought and substantively meritless.

Once the motion for reconsideration was denied, Tuff City and No Limit reached a settlement on Tuff City's cross claim. Because Tuff City was deemed a co-owner of the copyright-in-suit following the August 14, 2000 order, Tuff City took advantage of its authority to grant No Limit a non-exclusive license. This grant worked to Dismiss Appellants' claim of infringement against No Limit.

After the case was dismissed against No Limit, Appellants filed a second motion for reconsideration. Appellants raised four grounds: (1) a co-owner of a copyright may not issue a license to create a derivative work; (2) the moral rights laws of foreign jurisdictions required that Johnson and Quezergue issue the license; (3) the license and settlement between No Limit and Tuff City was invalid until Johnson and Quezergue received an accounting from Tuff City; and (4) Tuff City could not issue a license because it did not sue one of the various No Limit companies. Again, each of these arguments was raised for the first time on reconsideration. On December 11, 2000, the district court issued an order finding that each of these arguments was improperly brought and devoid of merit.

Appellants' Notice of Appeal, dated January 5, 2001, referred only to the district court's

3

denial of Appellants' Motion for Reconsideration of the Order of Dismissal and/or Amendment of Judgment pursuant to Rule 59. The sole focus of Appellants' appeal, however, is the August 14, 2000 Order. After filing a motion for reconsideration of the August order, which was denied on October 3, 2000, Appellants did not further challenge it.

Initially, this court must determine whether Appellants' appeal is jurisdictionally defective under Federal Rule of Appellate Procedure 3(C). Under Rule 3(C), a notice of appeal "shall specify the party or parties taking the appeal" and "shall designate the judgment, order or part thereof appealed from." Fed. R. App. P. 3(C). This court construes Rule 3© liberally, and when the intent to appeal a mislabeled ruling is apparent and the adverse party is not prejudiced, an appeal is not jurisdictionally defective. *See Turnbull v. United States*, 929 F.2d 173, 176-77 (5th Cir. 1991). "Failure to properly designate the order appealed from is not a jurisdictional defect, and may be cured by an indication of intent in the briefs or otherwise." *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990) (citing *Torres v. Oakland Scavenger*, 487 U.S. 312 (1998). Appellants' brief adequately designated the issue being appealed, namely the validity of Johnson's copyright transfer to Tuff City.

Appellants do not dispute the validity of Quezergue's transfer of copyright interest in *It Ain't My Fault* to Tuff City; in fact, Appellants conveniently fail to address the effect of Quezergue's transfer on Johnson's argument. The transfer from Quezergue, the validity of which Appellants do not contest, makes Tuff City a co-owner of the copyright and, as such, Tuff City may not be sued for copyright infringement. *See Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 500 (5th Cir. 1998).

Appellants contend that the district court erred in finding that, as a matter of law, Johnson

4

transferred a 25% interest in *It Ain't My Fault* to Tuff City. The district court noted, however, that even if "this result does not follow," the transfer of Quezergue's interest in *It Ain't My Fault* to Tuff City "independently necessitat[es] the dismissal of his claim." R. 606.

Johnson does not now dispute that Tuff City has at least a 25% interest in *It Ain't My Fault* arising from the transfer of Quezergue's interest. As such, it is of no consequence whether Tuff City has a 25% interest or a 50% interest; as a co-owner of the copyright, it is immune from suit for infringement. *See Quintanilla*, 139 F.3d at 498. This appeal is moot and will not be further entertained.

AFFIRMED.